## COLE *v.* WHERLY.

[No. 25,904. Filed April 17, 1934.]

*Roscoe D. Wheat,* for appellant.

*Zoe M. Wyatt, Ralph W. Ewry,* and *James J. Moran,* for appellee.

HUGHES, J.—The appellant in the lower court filed a verified petition for a writ of *habeas corpus.* The writ was issued and the appellee filed his verified return and the appellant filed exceptions to the return. The court overruled the exceptions and the court rendered judgment for appellee.

The error relied upon by the appellant is that the

court erred in overruling appellant's exceptions to appellee's return to the writ of *habeas corpus.*

It appears from the record that on December 15, 1929, an affidavit was filed against the appellant for intoxication before C. W. McLaughlin, a justice of the peace of Jay County; he was arrested upon a proper warrant and entered a plea of guilty. He was fined $10.00 and costs, the costs amounting to $31.55. The fine and costs were stayed for 90 days, and the same not having been paid at the expiration of 90 days he was arrested upon a proper committment issued by the justice of peace to a special constable and delivered to the keeper of the jail in Jay County. These are the substantial facts as set out in the return of appellee.

The exceptions to the return says in substance that the return discloses that the defendant, appellant here, is being restrained of his liberty by reason of a mittimus or committment issued by Charles W. McLaughlin, justice of the peace in and for Wayne Township, Jay County, Indiana, and in a cause entitled *State of Indiana* v. *Asel Cole,* and that he is being held in the county jail by the defendant upon no other authority or right; that a justice of the peace is a court of limited and special jurisdiction and has no jurisdiction whatever in criminal matters and jurisdiction can not be waived or conferred upon a justice of the peace in the state of Indiana.

It is the contention of the appellant's attorney as stated in his brief, that the justice of the peace, Charles W. McLaughlin, had no jurisdiction in the cause whatever; that the justice had no right to accept the affidavit and issue a warrant thereon and no right to accept a plea in said cause and no right to impose a fine and costs therein and no right to enforce payment by imprisonment in the county jail, and, as stated by counsel, his contention is based on the opinion of Chief Justice Taft

in the case of *Tumey* v. *State of Ohio* (1927), 273 U. S. 510. The question in this case was whether certain statutes of Ohio, in providing for the trial by the mayor of a village of one accused of violating the Prohibition Act of the state deprived the accused of due process of law and violated the 14th Amendment to the Federal Constitution, because of the pecuniary and other interest which those gave the mayor in the result of the trial. The Village of North College Hill, Hamilton County, Ohio, before whose mayor Tumey was tried and convicted, had, by general authority of the General Code of Ohio, passed several ordinances relating to the enforcement of the Prohibition Act. The ordinances provided a scheme for raising money for the village and the officers. The court held that the Mayor of the Village of North College Hill had a direct, personal, pecuniary interest in convicting the defendant who came before him for trial, and that it violated the 14th Amendment, and deprived a defendant in a criminal case of due process of law, to subject his liberty or property to the judgment of a court, the judge of which has a direct, personal, substantial, pecuniary interest in reaching a conclusion against him in the case.

The question in the instant case is not an open one at this time in this state. In the case of *State* v. *Schelton* (1933), 205 Ind. 416, 186 N. E. 772, decided by this court, the same question was presented as is presented in the instant case, and decided adversely to the contention of appellant in this case. The Tumey case was fully discussed and considered and held not to be applicable to the laws of this state with reference to the office of justice of the peace. We do not consider it necessary to quote at length from the Schelton case, nor to extend this opinion, but upon the authority of that case, this case should be and is affirmed.

Judgment affirmed.