HARDING *v.* MINAS ET AL.

[No. 26,081.   Filed June 21, 1934.]

*McAleer, Dorsey, Clark & Travis* and *Schortemeier, Eby & Wood,* for appellant.

*Philip Lutz, Jr.* and *James M. Ogden,* Attorneys-General, and *Ralph E. Hanna* and *Harry Taylor,* Assistant Attorneys-General, for appellees.

TREANOR, J.—This is an appeal from a judgment rendered against appellant upon overruling his exceptions to appellees' return to a writ of *habeas corpus.* The writ of *habeas corpus* was granted and served upon appellant pursuant to appellant's petition in which he alleged that he was held by virtue of a committment issued by appellee Minas, as Justice of the Peace. The committment was founded upon a judgment for fine and costs against appellant in a criminal proceeding before Minas as Justice of the Peace.   In his petition for writ of *habeas corpus* appellant urged that the judgment and committment of appellee, Minas, as Justice of the Peace, were illegal and void as being in contravention of the Due Process clause of the 14th Amendment to the Constitution of the United States.   He points out that Minas, as Justice of the Peace, "was entitled to receive no pay for his service unless the appellant was convicted

and paid his fine," and urges that "it is a violation of the guarantees of the 14th Amendment to the Constitution of the United States, and deprives a defendant in a criminal case of due process of law to subject his liberty or property to the judgment of a court, the judge of which has a direct, personal, substantial, pecuniary interest in reaching a conclusion against him in his case. Appellant further urges, upon appeal, that §2106, Burns Ann. Ind. St. 1926, Acts 1905, ch. 169, p. 584, §75, which confers jurisdiction on justices of the peace in criminal cases, violates Art. I, §13, of the Constitution of Indiana by denying to an accused his right to trial by an *impartial* jury in that no provision is made for payment of fees to the justice of the peace, jurors, or witnesses except upon the conviction of the accused.

In the case of *State* v. *Schelton* (1933), 205 Ind. 416, 186 N. E. 772, it was held that trial before justice of the peace did not deprive the defendant of his constitutional guaranties. There was no discussion of the particular point that the defendant was denied a right of trial by an impartial jury. We believe, however, that the reasons assigned in the opinion in that case answer the contention that appellant is deprived of a trial by an impartial jury under the law governing trials before justices of the peace.

On the authority of *State* v. *Schelton, supra,* and *Cole* v. *Wherly* (1934), ante 451, 190 N. E. 56, the judgment of the trial court is affirmed.